UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

**CHRISTOPHER L. SCRUGGS,**

    **Plaintiff,**

    v.      No. 3:24 CV 138

**SHERRI WASHINGTON,** *et al.***,**

    **Defendants.**

## OPINION and ORDER

Christopher L. Scruggs, a prisoner without a lawyer, filed a complaint. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Scruggs alleges that, on December 23, 2023, he became fatigued after cleaning his cell, and he slipped and fell on the floor. He hurt his lower back and could not stand. He asked a correctional officer and Nurse Schmidt for assistance, but they accused him of faking an injury and walked away.

Based on these allegations, Scruggs asserts an Eighth Amendment claim of deliberate indifference to serious medical needs against Nurse Schmidt and an

unidentified correctional officer. To establish such a claim, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Scruggs may proceed on an Eighth Amendment deliberate indifference claim against Nurse Schmidt. However, he may not proceed against the unidentified correctional officer. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff.").

Scruggs further alleges that, that same night, Sergeant Hernandez, Lieutenant Washington, and Nurse Schmidt arrived at his cell as he remained immobile on the floor. Nurse Schmidt told the other defendants that Scruggs was faking an injury. At some point, Officer Killingsworth, Officer Baity, and Officer Barber also arrived at the cell. Scruggs said that he could not get up due to his back injury, and Lieutenant Washington commanded him to get up or she would tase him. When he did not get up, she tased him.

Lieutenant Washington threatened to tase him again if he did not get up, and Scruggs again responded that he could not get up due to his back injury. Lieutenant Washington then tased him again.

Scruggs asserts an excessive force claim against Lieutenant Washington and a failure to intervene claim against Sergeant Henderson, Nurse Schmidt, Officer Killingsworth, Officer Baity, and Officer Barber. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* "[O]fficers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's rights through the use of excessive force but fail to do so could be held liable under § 1983." *Fillmore v. Page*, 358 F.3d 496, 505–06 (7th Cir. 2004). Scruggs may proceed on an excessive force claim and a failure to intervene claim against these defendants.

Scruggs further alleges that Lieutenant Washington, Sergeant Henderson, Officer Killingsworth, Officer Baity, and Officer Barber tased, or allowed him to be tased, in retaliation for asking Officer Killingsworth to follow legal mail policy in connection with medical records obtained through discovery. He also states that Officer Killingsworth further retaliated against him by issuing a conduct report in connection with the tasing incident on December 23, 2023.

3

Based on these allegations, Scruggs asserts that Lieutenant Washington, Sergeant Henderson, Officer Killingsworth, Officer Baity, and Officer Barber retaliated against him in violation of the First Amendment. To state claim of First Amendment retaliation, Scruggs must allege that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). Scruggs states a valid claim of First Amendment retaliation against Officer Killingsworth for issuing the conduct report in connection with the tasing incident.

However, Scruggs may not proceed his claim that Lieutenant Washington, Sergeant Henderson, Officer Killingsworth, Officer Baity, and Officer Barber permitted him to be tased as a form of retaliation, as such a claim is redundant to his Eighth Amendment claims based on that incident. *See Williams v. Snyder*, 150 F. App'x 549, 552 (7th Cir. 2005) ("The remainder of Williams's substantive legal theories . . . warrant little discussion [b]ecause they all involve the same set of facts . . . they would be redundant even if we found that he stated a claim.); *Conyers v. Abitz*, 416 F.3d 580, (7th Cir. 2005) (dismissing claims based on same circumstances because the claim "gains nothing by attracting additional constitutional labels"); *Graham v. Connor*, 490 U.S. 386, 395 (1989) (analyzing allegations under the most "explicit source[s] of constitutional protection.").

Finally, Scruggs asserts that Officer Killingsworth retaliated against him by issuing a conduct report in connection with a Prison Rape Elimination Act (PREA) grievance filed against another correctional officer and that Officer Baity violated his right to privacy by

4

disclosing the determination of his PREA grievance to Officer Killingsworth. Scruggs has asserted substantially similar claims in *Scruggs v. Nolen*, 3:24-CV-183, and a primary focus of that complaint is the subject matter of the PREA grievance. Because these claims are duplicative and because it appears that these claims are more appropriately raised in 3:24-CV-183, Scruggs may not proceed on these claims in this case. *See McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 888–89 (7th Cir. 2012) ("The district court has broad discretion to dismiss a complaint for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in another federal court." ).

Scruggs is not proceeding in forma pauperis. Therefore, the court will not serve the defendants pursuant to 28 U.S.C. § 1915(d). Rather, it is his obligation to serve the defendants with a copy of the complaint and this screening order as provided by Federal Rule of Civil Procedure 4.

For these reasons, the court:

(1) **GRANTS** Christopher L. Scruggs leave to proceed on an Eighth Amendment claim for compensatory and punitive damages against Nurse Schmidt in her individual capacity for acting with deliberate indifference to his back injury by walking away from his cell without providing medical attention on December 23, 2023;

(2) **GRANTS** Christopher L. Scruggs leave to proceed on an Eighth Amendment claim for compensatory and punitive damages against Lieutenant Washington in her individual capacity for using excessive force against him by tasing him twice on or around December 23, 2023;

(3) **GRANTS** Christopher L. Scruggs leave to proceed on an Eighth Amendment claim for compensatory and punitive damages against Sergeant Hernandez, Nurse Schmidt, Officer Killingsworth, Officer Baity, and Officer Barber for failing to intervene in the use of force incident occurring on or around December 23, 2023;

(4) **GRANTS** Christopher L. Scruggs leave to proceed on a First Amendment claim for compensatory and punitive damages against Officer Killingsworth for retaliating against complaints relating to legal mail policy by issuing a conduct report in connection with the use of force incident occurring on or around December 23, 2023;

(5) **DISMISSES** the unidentified Correctional Officer;

(6) **DISMISSES** all other claims;

(7) **DIRECTS** Christopher L. Scruggs to make arrangements to serve Lieutenant Washington, Officer Killingsworth, Sergeant Hernandez, Officer Baity, Officer Barber, and Nurse Schmidt; and

(8) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Lieutenant Washington, Officer Killingsworth, Sergeant Hernandez, Officer Baity, Officer Barber, and Nurse Schmidt to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: August 6, 2024

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

6