**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| **CHRISTOPHER L. SCRUGGS,** | |
| **Plaintiff,** | |
| **v.** | **No. 3:24 CV 138** |
| **SHERRI WASHINGTON,** *et al.*, | |
| **Defendants.** | |

## OPINION and ORDER

Christopher L. Scruggs, a prisoner without a lawyer, filed a motion to reconsider

the order referring this case to Magistrate Judge John E. Martin for an evidentiary

hearing under *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), to determine whether he

properly submitted grievances relating to his claims. (DE # 83.) The court has inherent

authority to reconsider interlocutory decisions at any time before final judgment. *Terry*

*v. Spencer*, 888 F.3d 890, 893 (7th Cir. 2018). "Motions for reconsideration serve a limited

function; to correct manifest errors of law or fact or to present newly discovered

evidence." *Eberhardt v. Walsh*, 122 F.4th 681, 688 (7th Cir. 2024). "Reconsideration is not

an appropriate forum for rehashing previously rejected arguments or arguing matters

that could have been heard during the pendency of the previous motion." *Caisse*

*Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). "Further,

motions for reconsideration generally are not encouraged . . . because, in general, a

district court's rulings are not intended as mere first drafts, subject to revision and

reconsideration at a litigant's pleasure." *Cima v. WellPoint Health Networks, Inc.*, 250 F.R.D. 374, 386 (S.D. Ill. 2008).

On December 2, 2025, the defendants filed a motion for summary judgment on the affirmative defense of failure to exhaust administrative remedies. (DE # 66.) The defendants primarily relied on an affidavit in which a grievance specialist attested that the Indiana Department of Correction maintains a grievance record database in the ordinary course of business and that the database did not show that Scruggs had submitted any relevant grievances. (DE # 68.) Scruggs primarily relied on handwritten copies of relevant grievances and his attestation that he submitted them properly but never received any response. (DE # 71.) On March 10, 2026, the court denied the motion for summary judgment, finding a genuine dispute of material fact as to whether Scruggs properly submitted relevant grievances. (DE # 82.) To resolve this factual dispute, the court referred this case to Judge Martin for an evidentiary hearing as required by *Pavey*, 544 F.3d 739. (*Id.*)

In the motion to reconsider, Scruggs argues that the absence of his grievances in the departmental records is insufficient to create a genuine dispute of material fact because it falsely presumes that the grievance office receives and records every grievance submitted by the inmate. To start, absence of a record of a regularly conducted activity is generally admissible to show that the regularly conducted activity did not occur in a particular instance. *See* Fed. R. Evid. 803(6) (hearsay exception for absence of a record of a regularly conducted activity). Scruggs aptly cites *Knighten v. Mitcheff*, 2011 WL 96663, at *2 (S.D. Ind. Jan. 10, 2011), as an illustration of the probative

2

limits of this type of evidence in the context of a prison grievance system, but the specific paragraph quoted by Scruggs amounts to the Southern District of Indiana's assessment of the credibility of evidence adduced at a hearing. In other words, the Southern District of Indiana did not find that the absence of a grievance record was insufficient to create a genuine factual dispute; instead, it assessed the credibility of that evidence and found it lacking after comparing it to the evidence submitted by the inmate-plaintiff. Consequently, *Knighten* does not persuade the court that it erred by finding a genuine factual dispute and by ordering an evidentiary hearing.

The court acknowledges that Scruggs has submitted a recent judicial opinion from this court that supports his proposition that the absence of departmental records is not sufficient to create a genuine factual dispute, *Parish v. Hyatte*, 2023 WL 5223093, at *6 (N.D. Ind. Aug. 15, 2023). Nevertheless, the Seventh Circuit has repeatedly indicated that factual disputes pitting the absence of relevant grievance records in a correctional database against an inmate's attestation that he properly submitted grievances is appropriately resolved at evidentiary hearings. *See e.g., Blake v. Wexford Health Sources, Inc.*, 2026 WL 1122463, at *2 (7th Cir. Apr. 24, 2026); *Breyley v. Fuchs*, 156 F.4th 845, 848–49 (7th Cir. 2025); *Tatum v. Williams*, 2025 WL 1444418, at *2 (7th Cir. May 20, 2025); *Johnson v. Haskell*, 2025 WL 1000160, at *3 (7th Cir. Apr. 3, 2025); *Jackson v. Esser*, 105 F.4th 948, 958 (7th Cir. 2024); *Winston v. Clarke*, 746 F. App'x 561, 564 (7th Cir. 2018). The court will follow the lead of the Seventh Circuit by continuing to find that the defendants' showing is sufficient to create a genuine fact dispute and by declining to vacate its referral to Judge Martin for an evidentiary hearing.

3

Finally, Scruggs argues that an evidentiary hearing is inappropriate because, by requesting an evidentiary hearing, the defendants seek only the opportunity to persuade the court that his testimony is not credible. However, the inherent purpose of evidentiary hearings is to resolve factual disputes, and seeking to persuade the court that the defendants' evidence is more credible than Scruggs' evidence is an entirely appropriate reason for the defendants to request an evidentiary hearing. *See Ingram v. Watson*, 67 F.4th 866, 871 (7th Cir. 2023) ("Nor need courts accept at face value everything that an inmate says . . . . But the court also cannot disbelieve statements in affidavits without holding a hearing."). The court will afford Scruggs a similar opportunity to challenge the credibility of the evidence presented by the defendants. *See Smallwood v. Williams*, 59 F.4th 306, 319 (7th Cir. 2023) ("The prison nevertheless disputes [the inmate's] evidence, and thus we have before us a factual dispute that cannot be resolved at summary judgment and must be resolved at a *Pavey* hearing."); *Roberts v. Neal*, 745 F.3d 232, 234 (7th Cir. 2014) ("[The inmate] may have been lying about having filed a grievance—but alternatively the defendants may have been lying when they denied there was any record of such a grievance. A swearing contest requires an evidentiary hearing to resolve.").

For these reasons, the court **DENIES** the motion to reconsider (DE # 83).

**SO ORDERED.**

Date: June 15, 2026

> s/James T. Moody
> JUDGE JAMES T. MOODY
> UNITED STATES DISTRICT COURT

4
